# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

Dennis Robert Smith,

        Petitioner,

v.

Deputy Warden Bock, et al.,

        Respondents.

CV 08-792 PHX-SRB (JM)

**REPORT AND RECOMMENDATION**

Pending before the Court is Petitioner Dennis Robert Smith's Petition for Writ of Habeas Corpus. (Docket No. 1). In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation. Respondents filed their answer on September 4, 2008. (Docket No. 12). Petitioner filed a reply on October 7, 2008 (Docket No. 14). As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, dismiss the Petition with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 6, 2003, the State filed an indictment in Maricopa County Superior Court charging Petitioner with three counts of sexual conduct with a minor and four counts of sexual exploitation of a minor. (Ex. A at 1).[1] On June 3, 2003, upon written motion of defense counsel, the trial court ordered that Petitioner be evaluated for "sanity as well as competency." (Ex. C). The Order for Competency Screening Evaluation Report ordered counsel to provide the Superior Court Forensic Services Unit with copies of police reports, charging documents and criminal history. (*Id.*) It also ordered that the Correctional Health

---

[1] Unless otherwise noted, all referenced exhibits are those attached to Respondent's Answer to Petition for Writ of Habeas Corpus.

| 1  | Services permit the mental health expert to view Petitioner's jail medical file. (*Id.*)  On June
| 2  | 6, 2003, the court found that based on the Psychological Pre-Evaluation, further evaluation
| 3  | was not warranted. (Ex. D).
| 4  | On June 23, 2003, pursuant to a plea agreement, Petitioner pled guilty to one count
| 5  | of sexual conduct with a minor and dangerous crime against a child in the first degree (count
| 6  | 1) and two counts of attempted sexual conduct with a minor and dangerous crime against a
| 7  | child in the second degree (counts 2 and 3 as amended). (Ex. E).  On September 16, 2003,
| 8  | the trial court made a finding that Petitioner "knowingly, intelligently and voluntarily waived
| 9  | all pertinent constitutional and appellate rights and entered a plea of guilty." (Ex. F).  He was
| 10 | sentenced to 20 years on count 1 and lifetime probation on counts 2 and 3 as amended. (*Id.*)
| 11 | On September 24, 2003, Petitioner filed his notice of post-conviction relief  (Ex. H)
| 12 | and counsel was appointed (Ex. I).  On February 2, 2004, counsel informed the trial court
| 13 | that she had reviewed all minute entries, transcripts and correspondence from the Petitioner
| 14 | and was not able to find any claims for relief to raise in post-conviction relief proceedings.
| 15 | (Ex. J).  Counsel requested that the Court extend the time for filing for 45 days so Petitioner
| 16 | could file a Rule 32 *in propria persona*. (*Id.*)   The trial court acknowledged counsel's
| 17 | notice, ordered counsel to remain on the case as advisory counsel and gave Petitioner until
| 18 | March 23, 2004, to file a pro per petition for post-conviction relief. (Exs. K and L). On April
| 19 | 13, 2004, the trial court dismissed the action because the deadline had passed and Petitioner
| 20 | had not filed a petition. (Ex. L).  Petitioner did not file a motion for rehearing or
| 21 | reconsideration of that dismissal.
| 22 | On November 30, 2005, Petitioner filed a second notice of post-conviction relief
| 23 | alleging that his sentence was excessive and constituted cruel and unusual punishment. (Ex.
| 24 | M). On December 8, 2005, the trial court dismissed the action noting that relief was
| 25 | precluded because Petitioner should have raised the issue in the first Rule 32 proceeding.
| 26 | (Ex. N). On April 19, 2006, Petitioner filed a third notice of post-conviction relief alleging
| 27 | that ineffective counsel (Ex. O) and on May 11, 2006, the court dismissed the action on
| 28 |

similar grounds. (Ex. P). Petitioner's motions for reconsideration of the dismissals were denied by the trial court (Exs. Q and R) as were Petitioner's requests for review by the Arizona Court of Appeals and the Arizona Supreme Court (Exs. U and V).

On April 4, 2008, Petitioner filed the instant Petition alleging three bases for relief: Fifth Amendment due process deprivation of property; Fourth Amendment unreasonable search and seizure; and Sixth Amendment ineffective assistance of counsel. (Docket No. 1.)

## II. LEGAL DISCUSSION

The writ of habeas corpus affords relief to persons in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus must be filed within the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2241(d)(1). The one year limitations period begins to run from the date the judgment of conviction became final in state court or the expiration of the time available to seek direct review. 28 U.S.C. § 2241(d)(1)(A). In Arizona, Rule 32 of-right proceedings are a form of direct review, thus AEDPA's one-year statute of limitations does not begin to run until the conclusion of the Rule 32 of-right proceeding and review of that proceeding, or until the expiration of the time for seeking such proceeding or review. *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007). A Rule 32 of-right proceeding is commenced by filing a notice of post-conviction relief with the court in which the conviction occurred within ninety days after the entry of judgment. Ariz.R.Crim.P.32.4(a).

Here, Petitioner filed his first notice of post-conviction relief on September 24, 2003. Counsel was appointed but was unable to find any viable claims for relief and after informing the court continued to represent Petitioner on an advisory basis. The trial court gave Petitioner until March 23, 2004 to file a pro per petition. He did not file the petition and on April 13, 2004, the trial court dismissed his post-conviction proceeding. Petitioner did not file a motion for rehearing within the required 15 days, or by April 28, 2004. Ariz.R.Crim.P. 32.9(a). Instead, he filed two untimely post-conviction proceedings, neither of which tolled

the running of the one-year limitations period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (A state petition filed after the expiration of AEDPA's one year period does not reinstate the limitations period that ended before the state petition was filed.); and *Cordle v. Guarino*, 428 F.3d 46, 48, n.4 (1st Cir. 2005) ("Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired.")

Petitioner was therefore required to file his federal habeas petition on or before April 28, 2005. He filed this Petition on April 24, 2008, almost three years *after* the limitations period expired. Thus, the instant petition is untimely, unless Petitioner can establish equitable tolling.

Equitable tolling is applicable only when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006)). Equitable tolling is justified in few cases: "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule." *Id.* A petitioner bears the burden of showing that equitable tolling is warranted. *Miranda*, 292 F.3d at 1065. A petitioner must show that the extraordinary circumstances "were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Here, Petitioner does not challenge Respondent's assertion that his habeas petition was not timely filed. He does explain, however, that he could not file his Petition because he "does not understand law and legal research and . . . could not find a jail house lawyer that he could trust with his information about his case." (Docket No. 14). The Ninth Circuit has held that a petitioner's lack of legal sophistication is not, by itself, an extraordinary measure warranting equitable tolling. *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (Raspberry was unable to correctly calculate a limitations period). Other circuits have made similar findings. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (ignorance of the law is not a basis for equitable tolling, even in the case of an unrepresented prisoner);

4

*Accord Felder v. Johson*, 204 F.3d 168, 171-72 n. 10 (5th Cir. 2000); and *Marsh v. Soares*, 223 Frd. 1217, 1220 (10th Cir.2000).

Petitioner also argues that equitable tolling should be allowed because he is "not competent to defend himself in this legal system." (Docket No. 14). Whether mental illness warrants tolling depends upon whether the illness during the relevant time "constituted the kind of extraordinary circumstances beyond his control, making filing impossible." *Laws v. Lamarque*, 351 F.3d 919, 922 (9th Cir.2003). While *Laws* permits equitable tolling for mental incompetence, it does not mean that *every* mental illness automatically tolls the limitation period. "Any other conclusion would perpetuate the stereotype of the insane as raving maniacs or gibbering idiots and impair their employment opportunities, thus stigmatizing [petitioner's] own class. Most mental illnesses today are treatable by drugs that restore the patient to at least a reasonable approximation of normal mentation and behavior. When his illness is controlled he can work and attend to his affairs, including the pursuit of any legal remedies that he may have." *Miller v. Runyon*, 77 F.3d 189. 192 (7th Cir.1966).

Petitioner has not presented *any* evidence to indicate that he was ever mentally ill much less any evidence that an illness made it impossible for him to timely file a habeas petition. The only reference in the record to Petitioner's mental state occurred shortly after indictment when defense counsel made a motion for a competency evaluation. The trial court immediately ordered a competency screening evaluation and based on the pre-evaluation report, found that no further evaluation was warranted. Petitioner was offered a plea agreement, he accepted it and pled guilty. Before sentencing, the trial court found that Petitioner knowingly and voluntarily entered his plea. He was sentenced and began serving his lengthy prison sentence. There is no evidence that since his incarceration, Petitioner has had to take medications for a mental illness. Nor is there any evidence that Petitioner has ever seen a mental health provider. Petitioner is not entitled to equitable tolling on this basis. *Compare Laws*, 351 F.3d at 922 (trial court reversed and remanded for evidentiary hearing where prior to trial, based on conflicting opinions from three psychiatrists and two

5

psychologists, the trial judge found Laws competent to stand trial "for the present at least") *with Lopez v. Citbank, N.A.*, 808 F.2d 905, 906 (1st Cir. 1987) (trial court affirmed where Lopez, who was represented by counsel during his period of mental illness, alleged no specific facts to show that his illness caused the delay).

Petitioner is not entitled to statutory or equitable tolling. His habeas petition must be dismissed as time-barred.

## III. RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, **DISMISS WITH PREJUDICE** Petitioner's Petition for Writ of Habeas Corpus filed October 5, 2007 [Docket No. 1].

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court. *See* 28 U.S.C. § 636(b)(1) and Rules 72(b) and 6(a) of the Federal Rules of Civil Procedure. Thereafter, the parties have ten (10) days within which to file a response to the objections. If any objections are filed, this action should be designated case number: **CV 08-792-PHX-SRB.** Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 23rd day of October, 2009.

_____
Jacqueline Marshall
United States Magistrate Judge